IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK GERAGHTY WONDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:12-CV-817-WKW |
| | ) | |
| JOHN McHUGH, LISA EICHHORN, | ) | |
| and HEATHER A. PEPIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On April 4, 2013, the Magistrate Judge filed a Report and Recommendation (Doc. # 26) regarding Defendants' Motion to Dismiss (Doc. # 16). Defendants filed a timely partial objection. (Doc. # 27.) The court reviews *de novo* the portion of the Recommendation to which the objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the Recommendation is due to be adopted.

Plaintiff, a civilian employee of the United States Army who worked at Fort Rucker's Public Affairs Office, filed his *pro se* complaint on April 24, 2012. Therein, Plaintiff alleges that Defendants, Secretary of the Army John McHugh and two other Army employees, violated his constitutional rights by impermissibly releasing personal health information and by making "fraudulent and defamatory statements."

(Doc. #1, ¶ 5.) Plaintiff also seeks "a summary judgment in [his] favor of all original EEO charges." (Doc. # 1, ¶ 6.)

Plaintiff attached to his complaint filed in this court a complaint filed in August 2009 with the Equal Employment Opportunity Commission ("EEOC") in which he alleged that the Army retaliated against him for protected activity. Specifically, Plaintiff stated that his supervisors took various adverse actions against him after he filed an earlier EEO complaint claiming that his employers discriminated against him on the basis of sex when they promoted his female counterpart over him. (Doc. # 1, Ex. 1 at 2–3.) In May 2011, an administrative law judge "concluded that [Plaintiff] failed to prove that the legitimate reasons proffered by the [Army] for its actions were pretext masking unlawful retaliatory animus" and granted summary judgment in favor of the Army. (Doc. 1, Ex. 1 at 4.) After the EEO Office of Federal Operations ("OFO") affirmed that decision, Plaintiff filed this action.

Based on Plaintiff's EEO complaints, his statement in this complaint that he seeks "summary judgment" on "all original EEO charges," (Doc. # 1, ¶ 6), and the attached EEO OFO opinion, the Magistrate Judge concluded that Plaintiff pleaded a cause of action for violations of Title VII, 42 U.S.C. §§ 2000e-1–17.[1] In so doing, the

---

[1] The Magistrate Judge also concluded, and Defendants appear to agree, that Plaintiff attempted to state causes of action for defamation and violations of the Privacy Act, 5 U.S.C. §§ 552a(b),(g), and the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d-6. The Magistrate Judge recommends that those claims be dismissed, and Defendants

Magistrate Judge properly construed Plaintiff's *pro se* pleadings liberally.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotations omitted)).

Defendants object to the Magistrate Judge's Recommendation to the extent it concludes Plaintiff's complaint includes a Title VII claim and recommends that the Title VII claim against Secretary McHugh survive.  After a *de novo* review, the court accepts the Recommendation of the Magistrate Judge.  Plaintiff's prayer for relief included a request for summary judgment in his favor on "*all* original EEO charges" and included an EEO OFO opinion affirming summary judgment granted in favor of Defendants.  (Doc. # 1, ¶ 6 (emphasis added).)  Construing Plaintiff's pleading as an appeal to this court to overturn the EEO OFO determination – the proper course for such a challenge – does not amount to the court serving as "*de facto* counsel" for Plaintiff or "rewrit[ing] an otherwise deficient pleading."  *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (limiting liberal construction for *pro se* pleadings) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)).  Instead, it is a reasonable construction of Plaintiff's *pro se* complaint in

---

do not object to that determination.

light of the attached EEO OFO opinion, which places Defendants on sufficient notice of Plaintiff's claim against them.

Accordingly, it is ORDERED as follows:

1. The Recommendation of the Magistrate Judge (Doc. # 26) is ADOPTED.

2. Defendants' Motion to Dismiss is GRANTED in part and DENIED in part, as set out in the Magistrate's Recommendation (Doc. # 16). Only Plaintiff's Title VII claim remains, and only against Defendant McHugh. Defendants Lisa Eichhorn and Heather Pepin are terminated.

3. This case is REFERRED back to the Magistrate Judge for further proceedings on Plaintiff's claims.

DONE this 22nd day of April, 2013.

                                              /s/ W. Keith Watkins
                                     CHIEF UNITED STATES DISTRICT JUDGE